# Pennsylvania Company, Appellant, *v.* Kissock.

*Railroads—Carriers—Purchase of goods from shipper.*

Where a shipper delivers goods to a railroad company for transportation and the consignee at the point of destination has refused to receive them, the railroad company may purchase the goods from the shipper in consideration of satisfying the freight charge if the transaction involves no discrimination nor preference of rebate.

Argued May 7, 1913.  Appeal, No. 42, April T., 1913, by plaintiff, from judgment of C. P. Allegheny Co., March T., 1910, No. 773, on verdict for defendant in case of Pennsylvania Company v. W. J. Kissock. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ.  Affirmed.

Assumpsit for freight.  Before Evans, J.

At the trial it appeared that in February, 1909, the plaintiff company accepted from W. J. Kissock at Pittsburg, two carloads of sand or loam, consigned to the Jarvis Adams Company at Midland, Pa.  The consignee refused to accept the sand or loam, and on February 17, 1909, the defendant authorized the railroad "to dispose of the same by dumping or any other way that you may see fit."  The freight charged amounted to $84.42.  There was evidence that the railroad through its agent agreed to purchase the loam in full payment of the freight charges.

The court charged in part as follows:

Defendant says that that is not all of the transaction that occurred between them; that at the time he signed this paper, the agent of the plaintiff agreed with him to accept the carloads of sand or loam in consideration of the freight charges.  If he did, if that contract was made, that would relieve defendant from any liability to pay freight charges.  That is the only question in

dispute in this case.   Did the properly authorized agent of the plaintiff agree with the defendant, that the railroad company would accept the loam and cancel the charge for the freight?   If he did, then your verdict should be for the defendant; if not, it should be for the plaintiff for the full amount of the claim.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was portion of charge as above, quoting it.

*Richard H. Hawkins,* of *Dalzell, Fisher & Hawkins,* for appellant.—The federal law, relating to commerce, prohibits agreements for the transportation of passengers or commodities except for money, and will not tolerate any "device" tending toward discrimination: Texas & Pacific Ry. Co. v. Mugg, 202 U. S. 242 (26 Sup. Ct. Repr. 628); Texas & Pacific Ry. Co. v. Oil Co., 204 U. S. 426 (27 Sup. Ct. Repr. 350); United States v. Atchison, etc., Ry. Co., 163 Fed. Repr. 111; United States v. Chicago, etc., Ry. Co., 163 Fed. Repr. 114; Union Pacific Ry. Co. v. Goodridge, 149 U. S. 680.

There is no distinction between executory and executed contracts of a discriminatory character: Louisville & Nashville R. R. Co. v. Mottley, 219 U. S. 467; Union Pacific Ry. Co. v. Goodridge, 149 U. S. 680; United States v. Hocking Valley Ry. Co., 194 Fed. Repr. 234.

*Robert T. Reineman,* for appellee.

OPINION BY HENDERSON, J., October 13, 1913:

The verdict of the jury establishes the fact that after the plaintiff had transported the defendant's freight to its destination at the rate fixed for the carriage of such a commodity it agreed through its agent to buy it and as the consideration therefor satisfy the carrying charge.

This was the question of fact submitted to the jury at the trial, and the evidence of the defendant was accepted as the correct version of the transaction. The testimony shows that the property was worth more than the freight charge, and no allegation of collusion, abatement or rebate is made. The transportation was not an interstate transaction, but the appellant contends that under the provisions of the constitution of this state prohibiting discrimination in charges or facilities for transportation by abatement or otherwise and the legislation embodied in the act of June 4, 1883, P. L. 72, and the act of May 31, 1907, 352, nothing but actual payment in money could relieve the defendant from the freight charge. We have not the case of an agreement to carry for a commodity or personal services or for a less amount than the charge made to all shippers for like service, nor is there any suggestion that the shipper wished to receive, or that the carrier intended to grant, any discrimination, preference or favor. The contract of carriage had been completed; the shipper had the loam at the point of destination; the plaintiff needed it and wanted to use it in its business, and the sale was made at the price named because the firm to which the property was consigned declined to accept it. Nothing in the language of the constitution or of the statutes referred to forbids that the carrier buy merchandise from the shipper, and if the transaction be bona fide and without any intent to obtain a discrimination or preference or abatement we see no reason why the shipper should hand over in money the amount of the charge and immediately receive back the same as the price of the loam. The cases in the United States courts cited by the learned counsel for the appellant are based on the federal statutes regulating interstate commerce which declare as determined by the supreme court of the United States that nothing but payment in money will satisfy a freight charge; but our constitutional and statutory regulations are expressed in different terms

and do not demand such a construction.  If we were dealing with a transaction in which the shipper and the carrier agreed in advance that the service should be rendered for merchandise or personal services or in settlement of a claim for damages a different question might arise, but here the contract was executed and the question is simply one of the right of the carrier to take the property off the hands of the shipper in payment of the carrying charge.  In the absence of statutory prohibition we do not feel warranted in holding that such a transaction completed in good faith may not be upheld.  We agree with the learned judge of the court below that there is no prohibition against such a purchase of property and the satisfaction of the freight bill with the price thereof where there has been no discrimination or preference of rebate.

The judgment is affirmed.